# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SGK VENTURES, LLC | ) | |
| (f/k/a Keywell L.L.C.), | ) | Case No. 13-37603 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| KELLY BEAUDIN STAPLETON, Trustee of | ) | |
| the SGK Ventures, LLC Liquidating Trust, | ) | |
| | ) | Adversary No. 13-01411 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Hearing Date: May 11, 2015 |
| NEWKEY Group, LLC, et al., | ) | Hearing Time: 9:00AM |
| | ) | |
| Defendants. | ) | |

## NON-PARTIES ALAN B. PATZIK AND STEVEN M. PREBISH'S MOTION FOR LEAVE TO ALLOW COUNSEL'S REPRESENTATION DURING TRIAL TESTIMONY

Non-parties Alan B. Patzik ("Patzik") and Steven M. Prebish ("Prebish") (collectively, the "PFS Attorneys"), for their motion for leave to allow counsel's representation during trial testimony, state as follows:

### The Cook County Action Against the PFS Attorneys

1. This proceeding began in December 2013, when the Official Committee of Unsecured Creditors of SGK Ventures, LLC filed a complaint against individual shareholders of the debtor, as well as others, asserting claims for fraudulent conveyance, breach of fiduciary duty, and to re-characterize or equitably subordinate certain claims. An amended complaint was filed in April 2014, asserting additional theories of relief. In November 2014, Kelly Beaudin Stapleton, Trustee of SGK Ventures, LLC Liquidating Trust (the "Trustee") was substituted as the plaintiff.

2. In February 2015, the Trustee filed an action against the PFS Attorneys in the Circuit Court of Cook County, Illinois, alleging that "[a]s a result of [their] role on all sides of the NewKey transactions, and the other transactions at issue in [this Adversary] Action, the [PFS Attorneys] breached their duty of care and loyalty to Keywell. In addition, the [Trustee alleged the PFS Attorneys] aided and abetted the breaches of fiduciary duties by certain of the NewKey Defendants [in this matter], as alleged in [this Adversary] Action." Cook County Action Complaint, ¶9. The Trustee seeks to recover more than $70 million dollars from the PFS Attorneys in the Cook County Action. The Cook County Action complaint is filed herewith as Exhibit 1.

3. In March 2015, the PFS Attorneys moved to quash deposition subpoenas served upon Patzik and Prebish, fearing the Trustee was using oral discovery in this adversary proceeding to unfairly secure testimony on material facts alleged in the Cook County Action. The motion to quash is filed herewith as Exhibit 2, without exhibits. The Court denied the motion, reasoning Patzik and Prebish could be deposed because each was a witness to some of the transactions relevant to the adversary proceeding. Prebish and Patzik were deposed on April 28 and April 30, 2015, respectively. Both have been subpoenaed for trial.

### The PFS Attorneys' Motion to Allow Counsel's Representation During Trial Testimony

4. Patzik and Prebish are not ordinary non-party fact witnesses. Each has been sued in another action for more than $70 million dollars, based upon the same transactions now challenged by the Trustee in this proceeding. No party to the proceeding has the same interests as the PFS Attorneys regarding the scope of the trial examination of them.

5. Without counsel present during their trial testimony, the PFS Attorneys have no protection from questioning which may be of no relevance here, but which may be asked in order to gain an inappropriate advantage in the Cook County Action. Moreover, questions may implicate

2

the PFS Attorneys' duty of confidentiality and attorney-client privilege to current and past clients, as well as their conversations with their current counsel in the Cook County Action. All of which leads to an oppressive and fundamentally unfair result unless their counsel is allowed to represent their interests during trial testimony. See Iowa Supreme Court Atty. Disciplinary Board v. Doe No. 762, 839 N.W.2d. 620, 626 (Iowa 2013) (non-party witness may be represented by counsel at trial to object to questions deemed abusive and harassing); Graves v. State, 489 S.W.2d 74, 81-82 (Tenn. Crim. App. 1972) ("a witness with an interest to be protected has the right to counsel"); see also State v. Newman, 568 S.W.2d 276, 282-83 (Mo. App. 1978) ("[e]very witness should be accorded the right of counsel so that he may take advantage of the protections afforded him by the law"); State v. Barker, 43 Wash. 69 (1906) (witness entitled the benefit of counsel to interpose suitable and timely objections to questions which might tend to incriminate the witness).

6. Considering the stakes associated with the PFS Attorneys' trial testimony as it relates to the action filed against them in Cook County, and the inequity resulting by denying them legal representation, Patzik and Prebish respectfully request that the Court exercise its discretion by allowing counsel to represent their interests at trial. Green v. LifeUSA Ins. Co., 259 B.R. 295, 299-300 (N.D. Ill. 2001) (bankruptcy courts are courts of equity and may provide such relief as is requested and necessary).

WHEREFORE, for the reasons stated above, non-parties Alan B. Patzik and Steven M. Prebish, respectfully request the Court allow their counsel, Thomas J. Verticchio, to participate at trial during their trial testimony.

ALAN B. PATZIK; and STEVEN M. PREBISH

By: _/s/ Thomas J. Verticchio_
    One of their attorneys

3

| | |
|---|---|
| Thomas J. Verticchio, Esq. (ARDC 6190501)<br>Matthew T. Kinst, Esq. (ARDC 6296945)<br>Swanson, Martin & Bell, LLP<br>330 North Wabash Avenue, Suite 3300<br>Chicago, Illinois 60611<br>(312) 321-9100<br>tverticchio@smbtrials.com<br>mkinst@smbtrials.com | Charles S. Stahl, Esq. (ARDC 2699915)<br>Swanson, Martin & Bell, LLP<br>2525 Cabot Drive, Suite 204<br>Lisle, Illinois 60532<br>(630) 799-6900<br>cstahl@smbtrials.com |

4