**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SGK VENTURES, LLC | ) Case No. 13-37603 |
| (f/k/a Keywell L.L.C.), | ) |
| | ) Adv. Proc. No. 13-01411 |
| Debtor. | ) |
| | ) Honorable Eugene R. Wedoff |
| | ) |
| KELLY BEAUDIN STAPLETON, solely | ) **Hearing Date: June 2, 2015 at 9:00 a.m.** |
| in her capacity as Trustee of the SGK | ) **(Central Time)** |
| Ventures, LLC Liquidating Trust, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEWKEY GROUP, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF MOTION TO APPROVE SETTLEMENT
BETWEEN THE LIQUIDATING TRUSTEE AND JILL L. HILLAS**

**PLEASE TAKE NOTICE** that on **June 2, 2015 at 9:00 a.m.** or as soon thereafter as counsel may be heard, McDonald Hopkins LLC, counsel for Kelly Beaudin Stapleton, solely in her capacity as Trustee of the SGK Ventures, LLC Liquidating Trust (the "Trustee") on behalf of the SGK Ventures, LLC Liquidating Trust (the "Trust"), shall appear before the Honorable Eugene R. Wedoff, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois 60604, or any other Judge sitting in his place or stead, and then and there present the Trustee's **Motion to Approve Settlement Between the Liquidating Trustee and Jill L. Hillas**, a copy of which is herewith served upon you.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

{5510353:}

Dated: May 27, 2014

Respectfully Submitted,

/s/ Micah E. Marcus
David A. Agay (ARDC No. 6244314)
Sean D. Malloy (ARDC No. 6217401)
Micah E. Marcus (ARDC No. 6257569)
Joshua A. Gadharf (ARDC No. 6296543)
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232
dagay@mcdonaldhopkins.com
smalloy@mcdonaldhopkins.com
mmarcus@mcdonaldhopkins.com
jgadharf@mcdonaldhopkins.com

*Counsel to Kelly Beaudin Stapleton, solely in capacity as Trustee of SGK Ventures LLC, Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SGK VENTURES, LLC | ) | Case No. 13-37603 |
| (f/k/a Keywell L.L.C.), | ) | |
| | ) | Adv. Proc. No. 13-01411 |
| Debtor. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| KELLY BEAUDIN STAPLETON, solely | ) | **Hearing Date:  June 2, 2015 at 9:00 a.m.** |
| in her capacity as Trustee of the SGK | ) | **(Central Time)** |
| Ventures, LLC Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEWKEY GROUP, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**LIQUIDATING TRUSTEE'S MOTION TO APPROVE SETTLEMENT BETWEEN THE
LIQUIDATING TRUSTEE AND JILL L. HILLAS**

Kelly Beaudin Stapleton, solely in her capacity as Trustee (the "Trustee") of the SGK Ventures, LLC Liquidating Trust (the "Trust") submits this motion (the "Motion") seeking entry of an order, under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), approving the Settlement Agreement (the "Settlement Agreement") between the Liquidating Trustee and Defendant Jill L. Hillas ("Hillas"), a copy of which is attached hereto as **Exhibit A** and is incorporated herein by reference.  In support of its Motion, the Trustee states as follows:

{5510353:}

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code section 363(b)(1) and Bankruptcy Rule 9019(a).

**Background**

1. On September 24, 2013, Keywell, L.L.C. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[1]

2. On October 3, 2013, the Office of the United States Trustee appointed the Committee [Dock. No. 52; as amended by Dock. Nos. 128 and 632].

3. On September 3, 2014, the Court entered that certain Order Confirming Committee's Plan of Liquidation (the "Plan") [Dock. No. 853] (the "Confirmation Order"). The Plan went effective on October 21, 2014 (the "Effective Date").

4. Prior to the Effective Date, the Debtor operated its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. On the Effective Date, all of the Debtor's assets other than the Frewsburg Assets were transferred to the Trust pursuant to the Plan.

5. A copy of the Plan, including the Plan Supplement,[2] was attached to the Confirmation Order as Exhibit A. The SGK Ventures, LLC Liquidating Trust was included as

---

[1] Capitalized but undefined terms shall have the meanings ascribed to them in the Second Amended Plan of Liquidation of the Official Committee of Unsecured Creditors of SGK Ventures, LLC (as amended, supplemented, and/or modified, the "Plan").

[2] This Court has retained jurisdiction over certain issues relating to the Chapter 11 Case and the implementation of the Plan, including issues relating to the validity of claims.

Exhibit 1 to the Plan Supplement, which contemplates Ms. Stapleton acting as the initial liquidating trustee.

### The Adversary Complaints

4. On April 25, 2014, the Committee filed its Amended Complaint (Docket No. 13) against NewKey Group, LLC ("NewKey I"), NewKey Group II, LLC ("NewKey II," and together with NewKey I, "NewKey"), and thirty-three other insiders of the Debtor and/or NewKey (collectively with NewKey, the "Defendants"). As of the Effective Date, the Trustee was substituted as plaintiff.

5. Hillis is a named Defendant.

6. Among other things, in its Amended Complaint, the Trustee challenges certain claims and liens asserted by NewKey against the Debtor's assets, and claims that certain alleged debt investments in the Debtor made by the Defendants, including Hillas (through NewKey),[3] should be recharacterized as equity investments, or at least equitably subordinated to the debt owed to the Debtor's unsecured creditors. The Trustee further alleges, among other things, that the Debtor made various fraudulent transfers to the Defendants, including Hillas, prior to the Petition Date that are avoidable and recoverable for the benefit of the Debtor's estate.

7. On February 20, 2014, NewKey filed an Adversary Complaint against the Debtor, wherein NewKey seeks (i) a declaration as to the validity, priority, and extent of its alleged liens against the Debtor's assets and (ii) to compel the Debtor to turn over to NewKey the cash necessary to pay NewKey's claims in full.

---

[3] Hillas owns approximately 0.20% of the outstanding membership interests in Keywell, and approximately 0.19% of the outstanding membership interests in NewKey II.

8.  In the Debtor's chapter 11 case, NewKey I and NewKey II also filed proofs of claim related to amounts allegedly owed by the Debtor to NewKey as repayment for the alleged pre-petition secured loans made by NewKey to the Debtor.

### The Settlement

9.  To avoid the uncertainties of litigation, the Trustee and Hillas have engaged in good-faith, arm's-length discussions to resolve the Trustee's claims against Hillas and Hillas' claims against the Trust.

10. These discussions were productive and have resulted in an agreement embodied in the Settlement Agreement, the material terms of which are as follows:[4]

- Assignment by Hillas of any and all interests she has in the claims asserted by NewKey against the Trust, including those made in the NewKey action or in NewKey's proofs of claim filed in the Debtor's chapter 11 case;

- Dismissal of Hillas as parties to the Trustee's action;

- Mutual releases of the parties; and

- Hillas' agreement to cooperate with the Trustee in connection with the Trustee's action.

### Relief Requested

11. The Trustee seeks entry of an order authorizing the Trustee to enter into and perform under the Settlement Agreement in the form attached as **Exhibit A** hereto with Hillas.

### Basis for Relief

12. Bankruptcy Rule 9019 provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th

---

[4] In the event the following summary is inconsistent with the terms of the Settlement Agreement, the Settlement Agreement shall govern.

{5510353:}                                          6

Cir. 2000). The decision to approve a settlement or compromise is committed to the sound discretion of the bankruptcy court. *In re Commercial Loan Corp.*, 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004).

13. The standards by which a court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, this Court should consider the following factors: (a) the probability of success in litigation; (b) the difficulty in collecting any judgment that may be obtained; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attendant to it; and (d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *In re Patel*, 43 B.R. 500, 504-05 (N.D. Ill. 1982).

14. The central issue in approving a bankruptcy settlement is whether the settlement is in the "best interests of the estate." *In re Energy Co-Op, Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989) (citing *LaSalle Nat'l Bank v. Holland* (*In re Am. Reserve Corp.*), 841 F.2d 159, 161 (7th Cir. 1987)). The settlement need not be the best that the debtor could have achieved, but need only fall "within the range of reasonable range of litigation possibilities." *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bankr N.D. Ill. 1994) (internal citation omitted). Thus, a court should approve a settlement if the proposed agreement does not fall beneath the "lowest point in the range of reasonableness." *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004); *see also Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 613 (2d Cir. 1983) ("We conclude by reemphasizing that the task of the bankruptcy judge was not to determine whether the settlement was the best that could have been obtained, something that neither he nor we can ever know, but

whether it fall[s] below the lowest point in the range of reasonableness.") (emphasis added) (internal quotations omitted).

15. Here, the Settlement Agreement satisfies the standards set forth above. First, although the Trustee believes that it could succeed on the merits in all of its claims against NewKey and the other Defendants, that litigation will be complex and involve many issues, any of which, the Trustee might, or might not, win. Thus, there is risk to any such litigation, including the risk that the Trustee might not prevail on any of its claims and therefore the estate would not receive any additional monies for unsecured creditors. Instead, under the Settlement Agreement, the Trustee has guaranteed that, regardless of the outcome of the Trustee's action and the NewKey action, the Debtor will receive a payment equal to the amount allegedly owed to Hillas – either by (a) the monies now earmarked for Hillas being returned to the estate because the Trustee prevailed, or (b) the monies earmarked for Hillas being paid directly to the estate as assignee under the Settlement Agreement – which will benefit the Debtor's unsecured creditors.

16. Lastly, the Settlement Agreement provides the Trustee with the potential to obtain complete recovery for all of the Debtor's unsecured creditors. In particular, if the Trustee can prevail on just one of its significant claims against every Defendant, the Debtor's estate may have sufficient funds (or close to sufficient funds) to pay all of the unsecured creditors in full. Simply, recovery of the claim contemplated in this Settlement Agreement is one step towards that goal.

17. Accordingly, the Trustee submits that the proposed resolution is in the best interests of the Debtor, its estate, its creditors, and other parties in interest. Thus, the Trustee respectfully requests that this Court approve the Settlement Agreement.

**Notice**

18. The Trustee has provided notice of this Motion to: (a) counsel to the Debtor; (b) counsel to Hillas; (c) counsel to NewKey and the other Defendants; (d) the Office of the U.S. Trustee for the Northern District of Illinois; and (e) all other parties who have requested notice or are otherwise registered on the Bankruptcy Court's CM/ECF system in the Debtor's chapter 11 case. Based upon the considerable expense that would befall the Debtor's estate by requiring the Trustee to serve each of the approximately 1,200 creditors in the Debtor's chapter 11 case, the Trustee submits that the notice it has provided is appropriate under the circumstances. The Trustee therefore requests that any further notice or service requirements be waived and/or reduced in accordance with Bankruptcy Rules 2002(a)(3), 9006(c), and 9019.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other court.

[Remainder of page intentionally left blank]

WHEREFORE, the Trustee respectfully requests that the Court enter the Order submitted to the Court, granting the relief requested herein and such other and further relief as the Court deems appropriate.

                                                Respectfully submitted,

Dated: May 27, 2015.

/s/ Micah Marcus
David A. Agay (ARDC No. 6244314)
Sean D. Malloy (ARDC No. 6217401)
Micah E. Marcus (ARDC No. 6257569)
Joshua A. Gadharf (ARDC No. 6296543)
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232
dagay@mcdonaldhopkins.com
smalloy@mcdonaldhopkins.com
mmarcus@mcdonaldhopkins.com
jgadharf@mcdonaldhopkins.com

*Counsel to Kelly Beaudin Stapleton, solely in capacity as Trustee of SGK Ventures LLC, Liquidating Trust*

## CERTIFICATE OF SERVICE

I, Micah Marcus, hereby certify that, on May 27, 2015, I caused a copy of the foregoing ***Trustee's Motion to Approve Settlement Between the Trustee and Jill L. Hillas*** to be (i) electronically filed with the Clerk of Court using the Electronic Case Filing System and (ii) served on the parties listed below in the manner indicated.

/s/ Micah Marcus
Micah E. Marcus (ARDC No. 6257569)

**Via ECF**
U.S. Bankruptcy Court, Clerk
U.S. Bankruptcy Court
219 South Dearborn Street
Chicago, IL 60604
312-435-5694

**Via E-Mail and ECF**
Steven B. Towbin
Gordon E. Gouveia
Terence G. Banich
Marc S. Reiser, Esq.
Shaw Fishman Glantz & Towbin LLC
321 N. Clark Street
Suite 800
Chicago, IL 60654

Roger J. Higgins
The Law Offices of Roger J. Higgins, LLC
1 North Bishop Street, Ste 14
Chicago, IL 60601

**Via U.S. Mail**

Mark W. Page
Kelley Drye & Warren LLP
333 W. Wacker Drive, Suite 2600
Chicago, IL 60606
***Counsel to Alpert & Alpert Iron Metal, Inc.***

Matthew T. Gensburg
Nancy A. Peterman
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
***Counsel to Cronimet Holdings, Inc.***

**Via E-Mail and U.S. Mail**
Howard L. Adelman
Erich S. Buck
Alexander F. Brougham
Steven G. Chaiken
Adelman & Gettleman LTD
53 West Jackson Blvd., Ste. 1050
Chicago, IL 60604

Patrick S. Layng
Office of the U.S. Trustee, Region 11
Attn: Kathryn M. Gleason, Kimberly Bacher
219 S. Dearborn St., Room 873
Chicago, IL 60604

Thomas V. Askounis
Alex Darcy
Amrit S. Kapai
Akounis & Darcy, PC
444 N. Michigan Avenue, Suite 3270
Chicago, IL 60611
***Counsel to Wells Fargo Equipment Finance, Inc.***

Monette W. Cope
Weltman, Weinberg & Reis Co. LPA
965 Keynote Circle
Brooklyn Hts., OH 44131
***Counsel to Toyota Motor Credit Corporation and Gibson Machinery, LLC***

Stephen A. Yokich
Cornfield and Feldman LLC
25 East Washington Street, Ste. 1400
Chicago, IL 60602-1803
***Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union***

Andrew J. Abrams
Boodell & Domanskis, LLC
353 North Clark Street, Ste 1800
Chicago, IL 60654
***Counsel to Loni-Jo Metal Corporation***

Eric R. von Helms
Kohner, Mann & Kailas, S.C.
4650 North Port Washington Road
2nd Floor
Milwaukee, WI 53212
***Counsel to Banc of America Leasing & Capital, LLC***

Jacquelyn T. Vengal
Miriam R. Stein, Esq.
Chuhak & Tecson, P.C.
30 South Wacker Drive, Ste 2600
Chicago, IL 60606-7413
***Counsel to TCF Equipment Finance, Inc.***

Wendy Kaleta Skrobin
McFadden & Dillon PC
120 South LaSalle St. Suite 1335
Chicago, Il 60603
***Counsel to PNC Bank, NA and PNC Equipment Finance, LLC***

Steven M. Wolock
Maddin, Hauser, Wartell, Roth &
Heller, P.C.
28400 Northwestern Highway, Third Floor
Southfield, MI 48034
**Counsel to Marwol Metals, Ltd.**

Joel A. Stein
Deutsch Levy & Engel, Chtd
225 W. Washington St., #1700
Chicago, IL 60606
**Counsel to 75S Corp. d/b/a FMC Metals**

Brandy A. Sargent
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
**Counsel to Caledonian Alloys**

Cory J. Kerger
Loren S. Cohen
Wilson, Elser, Moskowitz, Edelman &Dicker
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
**Counsel to Michael Rosenberg and Philip Rosenberg**

Curtis E. Kimball
Rudman Winchell
84 Harlow St. – P.O. Box 1401
Bangor, Me 04402-1401
**Counsel to Helm Financial Corporation**

James F. Mangan
Koff, Mangan, Vullo & Gartley, PC
179 S. Wyoming Ave.
Kingston, PA 18704
**Counsel to Louis Cohen & Son, Inc.**

Debra V. Levine
DVL Law Offices, LLC
53 W. Jackson, Ste 1001
Chicago, IL 60604
**Counsel to Brami Superalliage**

{5510353:}    13

William J. Barrett
Barack, Ferrazzano, Kirschbaum, Nagelberg
200 West Madison Street, Suite 3900
Chicago, IL 60606
**Counsel for Keywell Metals, LLC**

John Eggum
Foran, Glennon, Palandech, Ponzi & Rudloff
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
**Counsel for Commerce & Industry Insurance Company**

Yeny C. Estrada
Edwards Wildman Palmer LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
**Counsel for Child's Trust Created Under the Will of Janet Nadel for the Benefit of Glen L. Nadel and Child's Trust Created Under the Will of Janet Nadel for the Benefit of Tina Nadel Gravley**

Roger J. Higgins
The Law Offices of Roger J. Higgins, LLC
1 North Bishop Street, Ste 14
Chicago, IL  60601
**Counsel to Edward J. Newman, John D. Joyce, Deborah S. Newman and Edward J. Newman**

Lawrence D. Mishkin
Silver & Mishkin, LLC
400 Skokie Boulevard, Suite 850
Northbrook, IL  60062
**Counsel to Lawrence D. Plant and Philip Rosenberg**

Miriam R. Stein
Chuhak & Tecson, P.C.
30 South Wacker Drive
Suite 2600
Chicago, IL 60606
**Counsel to TCF Equipment Finance, Inc.**

Craig A. Wolfe
Benjamin D. Feder
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
**Counsel to Alpert & Alpert Iron & Metal, Inc.**

Kaye E. Tucker
Tucker Law Firm
9440 Santa Monica Blvd., Suite 504
Beverly Hills, CA 90210
**Counsel to Alpert & Alpert Iron & Metal, Inc.**

Thomas P. Yoder
Barrett & McNagny LLP
215 East Berry Street
P.O. Box 2263
Fort Wayne, IN  46801-2263
**Counsel to OmniSource Corporation**

Marc E. Shach
Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, MD 21208
**Counsel to PNC Bank, NA and PNC Equipment Finance, LLC**

Buchanan Ingersoll & Rooney PC
Attn: Timothy P. Palmer
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219-1410
**Counsel to ATI Allvac and ATI Wah Chang**

American Transport Group
c/o Tom Soehike
1900 West Kinzie
Chicago, IL 60622

Robert A. Soriano, Esq.
Greenberg Traurig, P.A.
625 East Twiggs Street, Suite 100
Tampa, FL 33602

Richard C. Josephson
Schnitzer Steel Industries, Inc.
299 SW Clay Street, Suite 350
Portland, OR 97201
**Counsel to Schnitzer Steel Industries, Inc.**

James Devine
Schnitzer Steel Industries, Inc.
12 E. 49th Street, 24th Floor
New York, NY 10014
**Counsel to Schnitzer Steel Industries, Inc.**

Ted W. Hight III, Esq.
Thompson, O'Brien, Kemp & Nasuti, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
**Counsel to Mansfield Oil Company of Gainesville, Inc.**

Christopher M. Candon
Sheehan Phinney Bass + Green PA
1000 Elm Street
Manchester, NH 03101
**Counsel to wTe Recycling, Inc. and wTe Corporation**

Jeffrey W. Lewis
ACI Industries Ltd.
970 Pittsburgh Drive
Delaware, OH 43015

Oren B. Hacker, Esq.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
**Counsel to Caledonian Alloys**

Elizabeth L Slaby
Clark Hill Thorp Reed
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
**Counsel to Franklin Iron & Metal Corporation & Recycling Center, Inc**

Linda G. Anderson
13407 Farmington Rd., Ste. 102 Livonia, Michigan 48150 (734) 425-0379
**Counsel to Marker Metal III, LLC**
**and Three Putt Properties, LLC**

Jay L. Welford
Jeffe Raitt Heuer & Weiss, P.C.
Suite 2500
27777 Franklin Road
Southfield, MI 48034
**Counsel to FPT Cleveland**

Kathleen H. Klaus
Maddin,Hauser,Wartell,Roth & Heller,P.C.
28400 Northwestern Highway
Third Floor
Southfield, MI 48034-1839
**Counsel to Marwol Metals, Ltd.**

Millis Industries Inc.
Attn: Robert Valchuis
13 72 Main Street
Millis, MA 02054

Mark X. Mullin
Haynes and Boone, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 7521
**Counsel to KW Metals Acquisition LLC**

Matthew T. Kinst
Thomas J. Verticchio
Swanson Martin & Bell, LLP
330 North Wabash Avenue
Chicago, IL  60611
**Counsel to Patzik, Frank & Samotny Ltd.,
Alan B. Patzik and Steven Prebish**

**Charles S. Stahl**
Swanson Martin & Bell, LLP
2525 Cabot Drive, Ste 204
Lisle, IL  60535
**Counsel to Patzik, Frank & Samotny Ltd.,
Alan B. Patzik and Steven Prebish**