# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "**Agreement**"), is hereby entered into on this 11th day of May, 2015, by and among Jill L. Hillas ("**Hillas**") and Kelly Beaudin Stapleton, solely in her capacity as Trustee of the SGK Ventures, LLC Liquidating Trust (the "**Trustee**") on behalf of the SGK Ventures, LLC Liquidating Trust (the "**Trust**"). Each of the foregoing parties is sometimes referred to herein, individually, as a "**Party**" and collectively as the "**Parties**."

## RECITALS

**Whereas**, on September 24, 2013, SGK Ventures, LLC (f/k/a Keywell L.L.C.) (the "**Debtor**") filed a voluntary petition for protection under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, thereby commencing bankruptcy case number 13-37603 (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**");

**Whereas**, on October 3, 2013, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of SGK Ventures, LLC (f/k/a Keywell L.L.C.) (the "**Committee**");

**Whereas**, on October 17, 2013, the Bankruptcy Court entered the *Final Order Authorizing the Use of Cash Collateral and Providing Adequate Protection*, as amended on December 5, 2013, by that certain the *Order Amending that Certain Final Order Authorizing Use of Cash Collateral and Providing Adequate Protection*, and as further amended on April 14, 2014, 2014, by that certain *Second Final Order Authorizing Use of Cash Collateral and Providing Adequate Protection* (collectively, the "**Cash Collateral Orders**");

**Whereas**, the Cash Collateral Orders conferred standing to the Committee to file and prosecute certain claims on behalf of the Debtor and its estate, including claims relating to the validity of the claims and liens asserted against the Debtor's assets by NewKey Group, LLC ("**NewKey I**") and NewKey Group II, LLC ("**NewKey II**," and together with NewKey I, "**NewKey**");

**Whereas**, on December 17, 2013, the Committee filed a complaint on behalf of the Debtor and its estate, thereby commencing the adversary proceeding entitled *Official Trustee of Unsecured Creditors of SGK Ventures, LLC (f/k/a Keywell L.L.C.) v. NewKey Group I, LLC, et al. (In re SGK Ventures, LLC (f/k/a Keywell L.L.C.))*, Adv. No. 13-01411, as amended by the Trustee's amended complaint filed on April 25, 2014 (the "**Lawsuit**"), wherein the Trustee makes claims relating to, among other things, the validity of the claims and liens asserted against the Debtor's assets by NewKey;

**Whereas**, Hillas is a named defendant in the Lawsuit;

**Whereas**, Hillas owns approximately 0.20% of the outstanding membership interests in Keywell, and approximately 0.19% of the outstanding membership interests in NewKey II;

{5492788:}

**Whereas,** on or about October 21, 2014, the chapter 11 plan confirmed in the Bankruptcy went effective, the Liquidating Trust became successor-in-interest to the Debtor, the Committee went out of existence and the Trustee became the named plaintiff in the lawsuit in the Committee's stead;

**Whereas,** the Parties have been represented by counsel, or have had the opportunity to discuss this Agreement with counsel;

**Whereas,** nothing contained in this Agreement, nor any action taken by any Party in connection with this Agreement, constitutes an admission of wrongdoing or liability on the part of any Party; and

**Whereas,** the Parties have engaged in settlement discussions and have determined that it is in their respective best interests to resolve the disputes between them for the purpose of avoiding future controversy, costs, legal fees, inconvenience, and any future litigation regarding or related to the Lawsuit.

## AGREEMENT

**Now therefore,** in consideration of the foregoing Recitals, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged by each of the Parties, it is hereby covenanted and agreed by and among the Parties hereto as follows:

1. **Recitals Incorporated.** The above Recitals are hereby adopted and made part of this Agreement.

2. **Assignment.** In consideration for the Parties' releases described herein, Hillas agrees to transfer and assign to the Trust, any and all of her interests in any and all of the claims asserted by NewKey against the Debtor and the Trust as successor-in-interest (and/or proceeds thereof), including, but not limited to, those claims set-forth in any claim filed against the Debtor's estate and/or set-forth in that certain lawsuit (and/or proceeds thereof), *NewKey Group, LLC, et al v. SGK Ventures, LLC,* Adv. No. 14-00114 (the "**NewKey Adversary**"), and those claims asserted in any proof of claim filed by NewKey against the Debtor's estate and the Trust as successor-in-interest. For the avoidance of doubt, in the case of any distribution to NewKey by the Liquidating Trust for any claim, Hillas agrees to direct NewKey to make any payments or other remuneration owed to them on account of Hillas's interests in NewKey to the Debtor's estate. In the event Hillas receive any payment or other remuneration from NewKey on account of NewKey's claims against the Debtor, such amounts shall be held in constructive trust for the benefit of the Debtor's estate and Hillas agrees to transfer such payments or other remuneration to the Debtor's estate within three (3) business days of receipt, via wire transfer to the account specified in wire transfer instructions that the Trustee shall provide to Hillas. On account of the foregoing assignment, as an offset against the Hillas obligation to the Debtor's estate, it is understood and agreed that the Debtor's estate may withhold distributions to NewKey on account of any claims or interests ascribed to (or subject to distribution to) Hillas.

3. **Releases.**

    3.1. **Release of Hillas by the Liquidating Trust.** Except for the obligations imposed by the terms of this Agreement upon Hillas, the Trustee, solely on behalf of the Liquidating Trust and the Liquidating Trust's legal representatives, predecessors, successors, agents, members, officers, administrators, and assigns (collectively the "**Debtor Releasing Parties**"), expressly release, relinquish, and forever discharge Hillas, and each of her respective legal representatives, agents, heirs, executors, administrators, and assigns (collectively, the "**Hillas Released Parties**") from any and all claims, liabilities, suits, demands, debts, liens, damages, costs, grievances, injuries, actions, or rights of action of any nature whatsoever, known or unknown, relating to or arising from the claims set forth in the Lawsuit, *provided, however* nothing in this release shall preclude the Trustee from deposing and/or interviewing Hillas in connection with the Lawsuit or the NewKey Adversary and Hillas expressly agrees to cooperate and participate with respect to any such reasonably scheduled interview or deposition.

    3.2. **Release of the Trust and the Debtor by Hillas.** Except for: the obligations imposed by the terms of this Agreement, Hillas and her respective legal representatives, agents, heirs, executors, administrators, and assigns (collectively the "**Hillas Releasing Parties**") expressly release, relinquish, and forever discharge the Trustee and the Liquidating Trust and each of their legal representatives, predecessors, successors, agents, members, officers, directors, directors, employees, divisions, affiliated companies/corporations, administrators, and assigns (collectively the "**Trustee Released Parties**") from any and all claims, liabilities, suits, demands, debts, liens, damages, costs, grievances, injuries, actions or, rights of action of any nature whatsoever, known or unknown, relating to or arising from the claims set forth in the Lawsuit and/or the NewKey Adversary. This specific release is to be construed as broadly as allowed under the law and shall include, but not be limited to, a release of all claims held by Hillas against the Liquidating Trust and/or the Trustee for indemnity and reimbursement for any losses caused by the Lawsuit.

4.  <u>**Dismissal of Hillas as Defendant in the Lawsuit**</u>. Upon the entry of an order approving this Agreement by the Bankruptcy Court (or other court of competent jurisdiction), the Trustee shall dismiss Hillas as a Defendant in the Lawsuit, with prejudice, with each Party to bear its own attorneys' fees, costs, and expenses. Each Party agrees to do all acts reasonably necessary to effectuate such dismissal.

5.  <u>**No Admission of Wrongdoing**</u>. The Parties agree that nothing contained in this Agreement, any document generated by the Parties in connection with this Agreement, or action taken by any Party in connection with this Agreement, constitutes an admission of wrongdoing or liability on the part of any Party. Further, the Parties also agree that they will not use or attempt to use this Agreement as an admission of wrongdoing or liability or in any similar fashion in any litigation or proceeding anytime, anywhere.

6. **No Assignment.** The Parties represent and warrant that they have not made or caused to be made any assignment or transfer of any right, claim, demand, or cause of action covered by this Agreement.

7. **Neutral Construction.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

8. **Complete Agreement.** This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior agreements, understandings, and communications between the Parties, whether written or oral, are superseded by this Agreement. The Parties understand and agree that all of the terms and promises of this Agreement are contractual and not a mere recital.

9. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

10. **Governing Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois. Any action at law, suit in equity, or judicial proceeding for the enforcement of this Agreement or any provision of this Agreement will be instituted only in a court situated in Cook County, Illinois.

11. **Effects of Agreement.** The undersigned declare that this entire Agreement has been carefully read by each of them, that each has had the benefit of counsel with respect thereto, that the contents thereof are fully known and understood by each of them, and that the same is signed as the free and voluntary act of each of them with the intent that each be legally bound thereby.

12. **Successors and Assigns.** The Parties agree that this Agreement is binding upon each of their members, officers, agents, predecessors, successors, designees, and each of their heirs, successors, and assigns.

13. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same agreement. Facsimile signatures shall be deemed the equivalent of the original signature.

14. **Bankruptcy Court Approval.** It is expressly agreed and understood that this Agreement is subject to approval by the Bankruptcy Court or other court of competent jurisdiction. The Trustee agrees to file a motion seeking authority for and approval of this Agreement before the Bankruptcy Court or other court of

competent jurisdiction as soon as reasonably possible following the execution hereof.

**IN WITNESS WHEREOF**, each Party is signing this Agreement on the date associated with that Party's signature.

JILL L. HILLAS

*/s/ Jill L. Hillas*

Date: 5/11/15

KELLY BEAUDIN STAPLETON, SOLELY IN HER CAPACITY AS TRUSTEE OF THE SGK VENTURES, LLC LIQUIDATING TRUST

By: */s/*

Name: Kelly Stapleton

Its: Liquidating Trustee

Date: 5/12/15

{5492788:} {5492788:} 5