**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SGK VENTURES, LLC (f/k/a Keywell L.L.C.), | Case No. 13-37603 |
| Debtor. | Honorable Donald R. Cassling |
| KELLY BEAUDIN STAPLETON, Trustee of the SGK Ventures, LLC Liquidating Trust, | Adv. No. 13-01411 |
| v. | **Hearing Date: December 15, 2015** <br> **Hearing Time: 10:00 a.m.** |
| NEWKEY GROUP, LLC, *et al.*, | |
| Defendants. | |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **December 15, 2015 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling in Courtroom 619 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois or, in his absence, before such other judge who may be sitting in his place, and shall then and there present **Defendants' Motion To Compel Payment of Expert Deposition Fees Pursuant to Rule 26(b)(4)(E)**, a copy of which is attached and hereby served upon you.

Dated:  December 11, 2015          Respectfully submitted,

**NEWKEY GROUP, LLC, et al.**

By: */s/ Carrie E. Davenport*
      One of their attorneys

Steven B. Towbin (2845846)
Terence G. Banich (6269359)
Gordon E. Gouveia (6282986)
Carrie E. Davenport (6289322)
SHAW FISHMAN GLANTZ & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151
stowbin@shawfishman.com
tbanich@shawfishman.com
ggouveia@shawfishman.com
cdavenport@shawfishman.com

## **CERTIFICATE OF SERVICE**

Carrie E. Davenport, an attorney, certifies that she caused to be served a true copy of the above and foregoing notice and attached motion by the Bankruptcy Court's ECF notification system on December 11, 2015 to the parties below.

/s/ Carrie E. Davenport

**CM/ECF Email Notice List for Case 13-01411**

The following **parties** are currently on the list to receive email notice/service in this case:

- David A Agay dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com, lburrell@mcdonaldhopkins.com, mgupta@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
- Terence G Banich tbanich@shawfishman.com, kbobb@shawfishman.com
- Carrie E Davenport cdavenport@shawfishman.com
- Joshua A Gadharf jgadharf@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com
- Gordon E. Gouveia ggouveia@shawfishman.com, mwestbrook@shawfishman.com;kjanecki@shawfishman.com
- Micah E. Marcus mmarcus@mcdonaldhopkins.com, kmaze@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com; bkfilings@mcdonaldhopkins.com
- Mark L Radtke mradtke@shawfishman.com
- Steven B Towbin stowbin@shawfishman.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SGK VENTURES, LLC<br>(f/k/a Keywell L.L.C.), | Case No. 13-37603 |
| Debtor. | Honorable Donald R. Cassling |
| KELLY BEAUDIN STAPLETON,<br>Trustee of the SGK Ventures, LLC<br>Liquidating Trust, | Adv. No. 13-01411 |
| v. | **Hearing Date: December 15, 2015**<br>**Hearing Time: 10:00 a.m.** |
| NEWKEY GROUP, LLC, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MOTION TO COMPEL PAYMENT OF**
**EXPERT DEPOSITION FEES PURSUANT TO RULE 26(b)(4)(E)**

The above-captioned defendants (collectively, "Defendants"), by their attorneys, hereby move the Court (the "Motion"), pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7026, for the entry of an order compelling plaintiff Kelly Beaudin Stapleton, trustee of the SGK Ventures, LLC Liquidating Trust (the "Trustee"), to remit payment for certain expert witness fees incurred as a result of the Trustee's depositions of two of Defendants' testifying experts, C. Kenneth White and James S. Feltman. In support of the Motion, Defendants respectfully state:

**Introduction**

1.      Prior to deposing two of Defendants' experts, C. Kenneth White and James S. Feltman, counsel for the Trustee agreed to pay the fees associated with the depositions. However, when it came time to remit payment for those fees, the Trustee balked, refusing to pay

the relevant invoices. Thus, through this Motion, Defendants seek an order compelling the Trustee to pay the White and Feltman deposition fees, as agreed, and as required under the plain language of Rule 26(b)(4)(E).

## **Relevant Background**

2.     On September 24, 2013, Keywell L.L.C. filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, commencing bankruptcy case no. 13-37503, styled *In re Keywell, L.L.C.* (the "Case") in the Bankruptcy Court.  The Case name was later changed to *SGK Ventures, LLC* in conjunction with a sale of substantially all of the Debtor's assets.

3.     On December 17, 2013, the Committee filed a 15-count complaint seeking various forms of relief against one or more of the Defendants, initiating this adversary proceeding. The Trustee later stepped into the Committee's shoes as plaintiff.

4.     On February 19, 2014, Defendants filed their motion to dismiss the original complaint. On April 25, 2014, conceding the deficiency of its original complaint, the Committee filed its amended complaint (the "Amended Complaint"). The Amended Complaint was 87 pages and 470 paragraphs long, included 19 counts and sought various forms of relief against 35 defendants.

5.     Following motion practice and briefing on Defendants' motion to dismiss the Amended Complaint, which resulted in certain counts of the Amended Complaint being dismissed, the Court entered a trial order on November 3, 2014 (the "Trial Order") [Dkt. 143]. Pursuant to the Trial Order, the parties were to make expert disclosures by March 13, 2015 and complete expert discovery by April 10, 2015. The parties subsequently agreed to a modest extension of those deadlines.

2

6. In accordance with Rule 26(a)(2), Defendants disclosed White and Feltman as experts, along with a third expert, Roger Grabowski, on March 23, 2015. The White and Feltman disclosures were accompanied by three reports: (1) White's solvency analysis, (2) White's opinions regarding the NewKey notes and (3) Feltman's report regarding the corporate governance processes and decision-making of the KCL Board.

7. As memorialized in a series of e-mails exchanged in March 2015, the parties agreed that the Trustee would pay the fees associated with the deposition of her expert (Gary Frantzen), as well as the depositions of White and Feltman, pursuant to Rule 26(b)(4)(E). In turn, Defendants would cover the fees associated with the deposition of their other expert (Grabowski). (*See* E-mail chain between S. Towbin and M. Marcus dated March 25-26, 2015, attached hereto as **Exhibit A**.) Counsel for the Trustee stated, in relevant part: "[W]e would pay the reasonable fees required to participate in the depositions for White and Feltman as set forth under Fed. Rule 7026, with each party to bear their own costs on Frantzen and Grabowski." (Ex. A at 1.)

8. Relying upon counsel's statement that the Trustee would pay the White and Feltman deposition fees, Defendants agreed to produce White and Feltman without first seeking a protective order providing for the payment of such fees by the Trustee.

9. On April 14, 2015, counsel for the Trustee took Feltman's deposition in New York. The deposition began at 9:16 a.m. and concluded at 5:17 p.m. The following day, counsel for the Trustee deposed White. The White deposition began at 9:20 a.m. and ended at 5:59 p.m.

10. White and Feltman subsequently prepared invoices for the work that they and their support staff performed in connection with the depositions. A copy of the White (Cornerstone) invoice is attached hereto as **Exhibit B**. A copy of the Feltman (Mesirow) invoice

3

is attached hereto as **Exhibit C**. The Mesirow invoice reflects a voluntary discount of 15 percent off of the firm's customary rates. *See* Ex. C at 1.

11. On May 28, 2015, counsel for Defendants requested that the Trustee remit payment for the White and Feltman depositions. (*See* Letter from C. Davenport to M. Marcus dated May 28, 2015, attached hereto as **Exhibit D**.) Counsel for the Trustee did not respond.

12. At trial, Defendants called both White and Feltman as expert witnesses. The Court deemed White qualified to give expert opinion testimony regarding Keywell's solvency, capitalization and ability to pay its debts as they came due without objection by the Trustee. Over the Trustee's objection, the Court also deemed White qualified to give expert testimony concerning certain accounting matters pertaining to the NewKey notes.

13. With respect to Feltman, the Court recognized that there could be no question regarding his expertise in corporate governance matters but determined that his expert opinions would not be helpful to the Court in deciding the Trustee's breach of fiduciary duty claims. The Court therefore declined to hear opinion testimony by Feltman at trial.

14. On June 10, 2015, counsel for Defendants requested that the Trustee respond to the May 28th letter. (*See* E-mail from C. Davenport to M. Marcus dated June 10, 2015, attached hereto as **Exhibit E**, at 1.) Counsel for the Trustee replied, indicating that the Trustee would not pay the White and Feltman invoices as agreed. He stated:

> Given Judge Wedoff's ruling with respect to the Defendants' attempted introduction of Mr. Feltman as an expert witness in this case, we believe it is improper to request the Liquidating Trust to reimburse the Defendants for his fees incurred in preparation for his deposition. Further, the request for $42,007.00 for Ken White's participation in a single day deposition is not reasonable nor compensable under Rule 26(b)(4)(E).

*See id*. Notably absent from counsel's response were: (a) any legal basis for the contention that it was "improper" for Defendants to request reimbursement for Feltman's fees; and (b) any

4

indication of what, in the Trustee's view, a reasonable fee would be for the time White spent preparing for and giving a day-long deposition concerning two expert reports.

15. Thus, regrettably, Defendants must seek the Court's assistance in compelling the Trustee to remit payment for the White and Feltman deposition fees.

## Argument

**A.    Governing Law**

16. Federal Rule of Civil Procedure 26(b)(4)(A)[1] provides, in relevant part: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial."

17. In turn, Rule 26(b)(4)(E) mandates that the deposing party "pay the expert a reasonable fee for time spent in responding to [the discovery request]," unless "manifest injustice" would result.

18. Thus, Rule 26(b)(4)(E) "squarely directs that all testifying experts who are deposed be paid a reasonable fee." *Guarantee Trust Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 238 (N.D. Ill. 2013).

19. "[C]osts associated with the time spent preparing for a deposition are recoverable, as well as the time attending the deposition." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 5008425, at *4 (N.D. Ill. Oct. 20, 2011); *see also Nilssen v. Osram Sylvania, Inc.*, 2007 WL 257711, at *4 (N.D. Ill. Jan. 23, 2007) *aff'd* 528 F.3d 1352 (Fed. Cir. 2008) ("This Rule allows for compensation for reasonable time spent by an expert preparing for his deposition and for his actual deposition.") (citations omitted).

---

[1] Federal Rule of Bankruptcy Procedure 7026 provides that Federal Rule of Civil Procedure 26 applies in adversary proceedings. *See* Fed. R. Bankr. P. 7026.

5

20. The fact that an expert ultimately does not testify at trial does not relieve the deposing party of its payment obligation under Rule 26(b)(4)(E). *See* Fed. R. Civ. P. 26(b)(4)(A) (providing for deposition of an expert "whose opinions *may be* presented at trial") (emphasis added); *Brown v. Butler*, 30 Fed. Appx. 870, 876 (10th Cir. 2002) (rejecting "specious" argument that deposing party was not obligated to pay expert fees because expert did not actually testify at trial); *First S. Bank v. Fifth Third Bank, N.A.*, 2014 WL 3868000, at *3 (D.S.C. Aug. 6, 2014) ("There is no language in [Rule 26(b)(4)(E)] that specifically limits compensation to experts whose opinions were ultimately presented at trial. Thus, Defendant is not automatically excused from reimbursing Plaintiff for the expert fees on this ground.") (citations omitted).

### B. The Trustee must pay White's and Feltman's fees.

21. The Trustee is required to pay for the time White and Feltman spent preparing for and giving deposition testimony in this matter.

22. <u>First</u>, counsel for the Trustee unequivocally agreed to "pay the reasonable fees required to participate in the depositions for White and Feltman as set forth under Fed. Rule 7026" and should be held to that agreement. *See* Ex. A at 1.

23. <u>Second</u>, the payment of expert deposition fees by the deposing party is excused only if "manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E). The Trustee has not even attempted to articulate what "manifest injustice" would result from requiring her to honor her commitment to pay the White and Feltman deposition fees. *See* Ex. E at 1. Instead, counsel for the Trustee asserts that because the Court ultimately decided not to consider Feltman's opinions in deciding the case, it is "improper" for Defendants to request reimbursement for his deposition fees. That assertion finds no support in the language of Rule 26 or in the relevant case law

6

interpreting it. Indeed, the Tenth Circuit has remarked that this very argument "borders on the specious." *Brown*, 30 Fed. Appx. at 876.

24. This is not a case where Defendants disclosed an expert and later decided not to call him at trial, either innocently or with the intention of imposing unnecessary cost on an opponent, such that manifest injustice would result from requiring payment. To the contrary, Defendants disclosed Feltman with the intention of calling him to testify at trial, *did*, in fact, call him at trial, and the Court readily qualified him as an expert in the field of corporate governance. That the Court declined to consider Feltman's expert opinions in rendering its decision is no basis to relieve the Trustee of her obligation to pay Feltman's deposition fees.

25. <u>Third</u>, the fees charged by White and Feltman are reasonable. White offered two expert reports in this matter and prepared to – and did – give deposition testimony concerning both of them. It was appropriate and necessary for him to spend more time preparing for his eight-hour deposition than if he had submitted only one report. The Trustee also deposed Mr. Feltman for a full day regarding his 133-page report, which, among other things, cataloged and synthesized nine years' worth of Keywell's corporate governance records. As the Court has recognized, both experts are eminently qualified, each with decades of experience and myriad professional accolades. Further, given the "extensive document review required, the complexity of the issues, and the breadth of the expert[s'] report[s]" in this matter, the fees charged are reasonable and therefore reimbursable under Rule 26(b)(4)(E). *Nilssen*, 2007 WL 257711, at *5.

WHEREFORE, Defendants respectfully request that this Court enter an order: (i) granting the Motion in its entirety; (ii) directing the Trustee to remit payment for the White and Feltman deposition invoices, according to instructions provided by Defendants' counsel, within ten (10) days; and (iii) granting such other relief as this Court deems just.

Dated:  December 11, 2015

Respectfully submitted,

**NEWKEY GROUP, LLC, et al.**

By: /s/ Carrie E. Davenport
    One of their attorneys

Steven B. Towbin (2845846)
Terence G. Banich (6269359)
Gordon E. Gouveia (6282986)
Carrie E. Davenport (6289322)
SHAW FISHMAN GLANTZ & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois  60654
(312) 541-0151
stowbin@shawfishman.com
tbanich@shawfishman.com
ggouveia@shawfishman.com
cdavenport@shawfishman.com